**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6710**

JOSEPH ANTHONY DANIELS,

Plaintiff - Appellant,

v.

VINCENT GORE, Medical Doctor,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:22-cv-00760-HEH-MRC)

Submitted:  January 23, 2025                          Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph Anthony Daniels, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Anthony Daniels, a state prisoner, appeals the district court's orders granting summary judgment to Defendant Vincent Gore and denying reconsideration. Daniels claimed that Gore, a prison doctor, was deliberately indifferent to his serious medical needs. On appeal, Daniels contends that Gore's summary judgment motion was untimely and filed by an attorney who was not counsel of record, argues that Gore violated Fed. R. Civ. P. 26(a), and reiterates his deliberate indifference claim.

We have reviewed the record and find no reversible error. Initially, the record plainly reflects that Gore's attorney of record obtained an extension of the filing deadline and filed the motion for summary judgment within that period. And although Daniels argues that Gore violated Fed. R. Civ. P. 26(a) by not providing the evidence submitted with his summary judgment motion as part of an initial discovery disclosure, we conclude that Rule 26(a) was inapplicable because the district court granted summary judgment without discovery and in an action brought by an inmate proceeding pro se. *See Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (discussing pre-discovery summary judgment); Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting from initial disclosures actions brought by inmates proceeding pro se).

Finally, we conclude that the district court did not err by finding that the submitted evidence showed that Gore was not deliberately indifferent to Daniels's serious medical needs. *See Gordon v. Schilling*, 937 F.3d 348, 356-57 (4th Cir. 2019) (stating standard of review and discussing proof required to prevail on deliberate indifference claim). Therefore, we deny Daniels's motion to appoint counsel, and we affirm the district court's

2

orders. *Daniels v. Gore*, No. 3:22-cv-00760-HEH-MRC (E.D. Va. June 17, 2024; July 22, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
